IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PROGRESSIVE COMMERCIAL ADVANTAGE AGENCY                    PLAINTIFF

VS.                                               CIVIL ACTION NO.: 3:23-cv-236-HTW-LGI

GOOD TIME TRUCKING, LLC; JERRY L. GARLAND;
ROBERT KELLY; AND JOHN AND JANE DOES 1-10                 DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Progressive Commercial Advantage Agency, and files its Complaint for Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 against the Defendants and, in support thereof, states as follows:

### PARTIES

1. The Plaintiff, Progressive Commercial Advantage Agency, is an Ohio corporation with its principal place of business in Mayfield Village, Ohio, and is authorized by the Commissioner of Insurance for the State of Mississippi to write insurance policies in the state of Mississippi (also referred to as "Progressive").

2. The Defendant, Good Time Trucking, LLC, is a dissolved Mississippi limited liability company presently or formerly doing business and/or operating in Jackson, Hinds County, Mississippi.  Its sole member is Jerry Garland, Sr., an adult resident citizen of Jackson, Hinds County, Mississippi.

3. The Defendant, Jerry L. Garland, is an adult resident citizen of Jackson, Hinds County, Mississippi.

4. The Defendant, Robert Kelly, is an adult resident citizen of Bolton, Hinds County, Mississippi.

5. John and Jane Does 1-10 are individuals, corporations, or entities who may have claims under the insurance policy in issue and/or who may have an interest in the ultimate outcome of this litigation, and the John and Jane Doe Defendants will be amended into the case, if necessary and if approved by the Court, once properly identified.

<u>JURISDICTION AND VENUE</u>

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship, and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. This Court has jurisdiction over the subject matter and the persons involved in this action, and venue is proper in this Court.

<u>FACTS</u>

7. Robert Kelly claims that on or about May 4, 2020, Jerry L. Garland, while operating a stopped vehicle for Good Time Trucking, LLC, honked his horn and damaged Mr. Kelly's hearing. A copy of the complaint is attached as Exhibit "A."

8. At the time of the incident, Good Time Trucking, LLC was the named insured on a Progressive commercial auto policy numbered 01970851-0 (the "Policy"). The Policy period was March 23, 2020, to March 23, 2021. A certified copy of the Policy is attached as Exhibit "B."

9. The Policy provides $100,000 combined single limit coverage for bodily injury liability.

10. Mr. Kelly claims Progressive should have issued the Policy with higher liability limits.

11. However, under Mississippi law, an insurance agent does not have an affirmative duty to advise an insured of its coverage needs. *Mladineo v. Schmidt*, 52 So. 3d 1154, 1163 (Miss.

2

2010) ("[W]e do not find that insurance agents in Mississippi have an affirmative duty to advise buyers regarding their coverage needs.... [I]nsureds are in a better position to assess their assets and risk of loss, coverage needs are often personal and subjective, and imposing liability on agents for failing to advise insureds regarding the sufficiency of their coverage would remove any burden from the insured to take care of his or her own financial needs.").

12. Likewise, federal regulations are directed at the motor carrier, and, thus, there is no duty on the insurer to secure the insurance limits required by the federal regulations. *Illinois Cent. R. Co. v. Duponi*, 326 F.3d 665, 669 (5th Cir. 2003) ("Since the regulations requiring the MCS–90 endorsement are directed at the motor carrier, we do not read them as imposing a duty on the insurer to make sure that non-exempt motor carriers secure the required insurance. In short, the [plaintiff] seeks the wrong remedy against the wrong party.").

13. Additionally and alternatively, there is no evidence that federal regulations apply or applied to this motor carrier nor that MCS-90 endorsement was necessary or required at the time of the policy's inception.

14. Additionally and alternatively, Mr. Kelly, who was not an insured under the Policy, cannot maintain a claim against Progressive because Progressive owed him no duty. *Emerald Coast Finest Produce Co., Inc. v. Alterra Am. Ins. Co.*, 864 F.3d 394, 399–400 (5th Cir. 2017).

## REQUEST FOR DECLARATORY RELIEF

15. Progressive re-alleges the allegations set forth in Paragraphs 1-13 above.

16. Progressive is entitled to a judgment declaring that the Progressive insurance policy, numbered 01970851-0, does not provide any coverage exceeding the $100,000 liability limit.

17. Progressive is entitled to a judgment declaring that it did not have an affirmative duty to advise the insured, Good Time Trucking, LLC, of its coverage needs or issue the policy with higher liability limits.

18. Progressive is entitled to a judgment declaring that it did not breach any duty owed to Good Time Trucking, LLC.

19. Progressive is entitled to a judgment declaring that it owed no duty to Mr. Kelly, who was not an insured under the Policy.

20. Progressive is entitled to a judgment declaring that it is not otherwise obligated, in any manner whatsoever, to defend, indemnify, respond to, pay, or adjust any claim arising from the accident, and for an order enjoining the Defendants and/or other persons from making any claim against this policy for payment under any provision which exceeds the $100,000 liability limit, regardless of whether such claim is brought through theory of contract, contribution, assignment, or any other legal theory.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Progressive Commercial Advantage Agency, respectfully prays that, after hearing all the things and matters set forth herein, the Court will enter a declaratory judgment as set forth above. Progressive also requests that this Court make a determination in accordance with the policy provisions and applicable law between all interested parties pursuant to the contract in issue. Progressive further prays for any other relief this Court may deem necessary.

THIS, the 6th day of April, 2023.

Respectfully submitted,

C. MAISON HEIDELBERG, MB #9559
Attorney for Progressive Commercial Advantage Agency

OF COUNSEL:

HEIDELBERG PATTERSON WELCH WRIGHT
368 Highland Colony Parkway
Ridgeland, MS 39157
601-790-1584 (Direct)
601-790-1588 (General)
mheidelberg@hpwlawgroup.com