IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BLUE HILL SPECIALTY INSURANCE COMPANY             PLAINTIFF

VS.             CIVIL ACTION NO.: 3:23cv236-HTW-LGI

GOOD TIME TRUCKING, LLC; JERRY L. GARLAND;
ROBERT KELLY; AND JOHN AND JANE DOES 1-10             DEFENDANTS

BLUE HILL SPECIALTY INSURANCE COMPANY'S
REBUTTAL BRIEF IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>

COMES NOW, Plaintiff Blue Hill Specialty Insurance Company ("Blue Hill"), by and through counsel, and files this Rebuttal Brief in Support of its Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and would show the Court the following:

<u>INTRODUCTION</u>

Instead of responding substantively to Blue Hill's Motion for Summary Judgment, the Defendant Robert Kelly argues: (1) Blue Hill's motion is premature because there has not been "adequate" discovery; and (2) "a Certificate of Insurance" creates a factual dispute as to the amount of coverage under the Policy. Mr. Kelly's Response, however, does not mention Rule 56(d), much less attempt to satisfy its requirements for additional discovery, and pursuant to Rule 56(b), discovery is not required before summary judgment can be granted. Blue Hill has proven by its Declarations Page, *see* Ex. B, that the Policy provides $100,000 combined single limit coverage for bodily injury liability, and Mr. Kelly has not provided the Court with any evidence showing otherwise. Therefore, Blue Hill's Motion for Summary Judgment should be granted.

1

LEGAL ARGUMENT

A. A motion for summary judgment may be filed at any time, and Mr. Kelly has not satisfied the requirements of Rule 56(d) for additional discovery.

Mr. Kelly argues erroneously that summary judgment cannot be granted before "adequate" discovery.[1] Rule 56(b) provides that "a party may file a motion for summary judgment at any time," *see* Fed. R. Civ. P. 56(b), and "it is well established in the Fifth Circuit that Rule 56 does not require that any discovery take place before summary judgment can be granted." *Howard v. Hyundai Motor Am.*, 2013 WL 3049393, at *2 (S.D. Miss. June 17, 2013) (internal quotation marks and citation omitted); *see also Renfroe v. Parker*, 2019 WL 3806641, at *5 (S.D. Miss. Aug. 13, 2019), *aff'd*, 974 F.3d 594 (5th Cir. 2020) ("Discovery is not a prerequisite to the disposition of a motion for summary judgment.").

Rule 56(d) permits the Court to "allow time to obtain affidavits or declarations or to take discovery" if the nonmovant can show that "for specified reasons, [he] cannot present facts essential to justify [his] opposition" to a motion for summary judgment. *See* Fed. R. Civ. P. 56(d). However, Mr. Kelly does not appear to seek discovery under Rule 56(d), and even if he did, the Response fails to comply with Local Rule 7(b)(3)(C), which requires a separate Rule 56(d) motion. *See* L. U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response."); *Howard*, 2013 WL 3049393 at *2 n.2. Moreover, the Response does not satisfy the requirements of Rule 56(d) because there is no requisite "affidavit or declaration," and "no explanation how the discovery would address the basis for the motion." *Id.* Mr. Kelly has not satisfied his burden of

---

[1] Mr. Kelly relies upon *Fit Exp., Inc. v. Cir.-Total Fitness*, 2008 WL 4450290 (N.D. Miss. Sept. 29, 2008), a case in which "the parties had not participated in any discovery." *Id.* at *2. The summary judgment motion in that case was filed three months after the complaint was filed, *see id.* at *1, whereas the underlying complaint in this case was filed on February 10, 2021, almost three years ago.

demonstrating the need for additional discovery, and, thus, additional discovery should not be granted. *Chipley v. Yazoo Cnty., Mississippi*, 2018 WL 11235519, at *11 (S.D. Miss. Oct. 23, 2018). *See also Southeastern Real Estate Holdings, LLC v. Companion Prop.*, 2016 WL 843378, at *4 (S.D. Miss. Mar. 1, 2016) ("Plaintiff did not even refer to Rule 56(d), much less attempt to satisfy its requirements. Therefore, to the extent Plaintiff's argument in briefing constitutes a Rule 56(d) motion, it is denied." (internal citation omitted)); *Kermode v. Univ. of Mississippi Med. Ctr.*, 2011 WL 2619096, at *8 n.4 (S.D. Miss. July 1, 2011) ("[The plaintiff] failed to attach an affidavit or a declaration as required by the Rule. Courts routinely deny such unaccompanied motions." (citations omitted)); *Renfroe*, 2019 WL 3806641 at *5 ("[A] nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. Rather, a request to stay summary judgment under Rule 56([d]) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." (internal quotation marks and citations omitted)).

> B. <u>Mr. Kelly has not submitted any evidence to support his claim that the Policy provides $1,000,000 combined single limit coverage for bodily injury liability.</u>

In support of its Motion for Summary Judgment, Blue Hill submitted evidence proving that the Policy provides $100,000 combined single limit coverage for bodily injury liability. *See* Ex. B, Declarations Page. This is not disputed by Mr. Kelly. Instead, Mr. Kelly argues that "a Certificate of Insurance" creates a factual dispute as to the amount of coverage. However, "[t]o survive summary judgment, the nonmovant [Mr. Kelly] must submit or identify evidence in the record to show the existence of a genuine issue of material fact," *see Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 2006 WL 2805140, at *7 (S.D. Miss. Sept. 28, 2006), *aff'd,* 515 F.3d 414 (5th Cir. 2008), and Mr. Kelly did not submit a Certificate of Insurance with his Response or identify

any "particular" evidence in the record. Fed. R. Civ. P. 56(c)(1)(A). Mr. Kelly has failed to satisfy his Rule 56 burden, and, thus, Blue Hill's Motion for Summary Judgment should be granted. *Id. See also Johnson v. Cooper T. Smith Stevedoring Co., Inc.*, 74 F.4th 268, 275 (5th Cir. 2023) ("[S]ummary judgment is about evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts*." (emphasis in original)); *Funches v. Noland*, 2017 WL 4518613, at *2 (S.D. Miss. May 10, 2017), *aff'd sub nom. Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846 (5th Cir. 2018) (stating that nonmovant's burden is not satisfied by "unsubstantiated assertions").

## CONCLUSION

Blue Hill has proven by its Declarations Page that the Policy provides $100,000 combined single limit coverage for bodily injury liability, and Mr. Kelly fails to show otherwise. Further, Mr. Kelly has not satisfied Rule 56(d)'s prerequisites for additional discovery. Therefore, Blue Hill's Motion for Summary Judgment should be granted.

*WHEREFORE, PREMISES CONSIDERED*, Blue Hill Specialty Insurance Company respectfully prays that, after hearing all the things and matters set forth herein, the Court will grant its Motion for Summary Judgment.

THIS, the 3rd day of January, 2024.

    Respectfully submitted,

    Blue Hill Specialty Insurance Company

    */s/ C. Maison Heidelberg*
    C. MAISON HEIDELBERG, MB #9559

OF COUNSEL:

HEIDELBERG PATTERSON WELCH WRIGHT
368 Highland Colony Parkway
Ridgeland, MS  39157
601-790-1584 (direct)
mheidelberg@hpwlawgroup.com

## **CERTIFICATE OF SERVICE**

I, C. Maison Heidelberg, attorney for Blue Hill Specialty Insurance Company, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via the court's electronic filing system on all counsel of record.

THIS, the 3rd day of January, 2024.

>*/s/ C. Maison Heidelberg*
>C. MAISON HEIDELBERG